## UNITED STATES *v.* CONTINENTAL NATIONAL BANK & TRUST CO., TRUSTEE, ET AL.

No. 22. Argued December 5, 1938.—Decided January 3, 1939.

*Mr. J. Louis Monarch,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs. Sewall Key, F. E. Youngman,* and *Warner W. Gardner* were on the brief, for the United States.

*Mr. Herbert Pope* for respondents.

MR. JUSTICE BUTLER delivered the opinion of the Court.

May 6, 1932, petitioner sued respondents in the federal court for the northern district of Illinois to enforce a claim for part of income and profits taxes for 1920 assessed against an Illinois corporation dissolved in December, 1921. The question for decision is whether the suit is barred by lapse of time.

The pertinent substance of the complaint, as amended February 14, 1937, follows:

In 1919 and 1920, James Duggan, hereafter called the testator, was the principal stockholder of the Johnson City & Big Muddy Coal & Mining Company, which owned a subsidiary corporation. May 16, 1921, these corporations made consolidated income and profits tax returns for 1920, showing a tax of $5,269.21, which was paid. During 1920 and 1921 the mining company was being dissolved; it converted its assets into cash and securities and transferred $295,331.64 to testator; he appropriated it to his own use. Having determined deficiency of $316,620.61 against the company, the commissioner of internal revenue December 6, 1924 sent notice to it by 60-day letter. The taxpayer having failed to petition the board of tax appeals for redetermination, assessment was made against it for that amount.

April 15, 1926, the commissioner notified testator that there was proposed for assessment against him the amount of $295,331.64, constituting his liability, as transferee of taxpayer's assets, on account of the unpaid balance of its 1920 taxes. June 11, 1926, testator filed with the board of tax appeals his petition for redetermination. In March, 1929, he died. January 27, 1931, the board made an order of redetermination in the amount proposed by the commissioner, with interest from December 6, 1924. The order was not reviewed. February 14, 1931, the commissioner made a jeopardy assessment against the deceased in the amount fixed by the board as his liability as transferee.

His will was admitted to probate; a trust company it named was appointed executor; and, the executor having been dismissed, one Robinson was, on September 15, 1930, appointed administrator. Before settlement of the estate, plaintiff, April 24, 1931, filed its claim with the

administrator. But he paid nothing on account of it and, making distribution in accordance with the will, transferred to defendant Henry Duggan $50,000 and to defendant trustee the rest of the estate, about $1,500,000. Plaintiff alleged that the assets so distributed had become impressed with a trust for the payment of its claim against testator and prayed decree enforcing it against trustee and beneficiaries under the will to the extent of assets transferred by the taxpayer to testator, with interest.

Defendants, June 6, 1933, moved to dismiss the complaint on the ground that the suit was barred by §§ 277, 278, 280, Revenue Act, 1926, as amended, and § 311(b), Revenue Act, 1928. Plaintiff, January 11, 1937, confessed defendants' motion to dismiss. Then, applying for leave to amend the complaint, it represented to the court that amendment was necessary because the allegation that an assessment was made against testator was omitted from the original bill and was an important fact in determining whether the present action was timely brought. Leave having been granted, it immediately amended by adding the allegation that, February 14, 1931, the commissioner made against testator the jeopardy assessment above referred to. The complaint was not otherwise changed. March 22, 1937, the court sustained defendants' motion and entered decree dismissing the amended bill of complaint. The circuit court of appeals affirmed. 94 F. 2d 81. This Court granted a writ of certiorari. 304 U. S. 554.

The question is whether the suit is barred by the statutory provisions on which the motion to dismiss was based. First to be considered are §§ 277, 278 and 280, read in connection with applicable provisions of §§ 274 and 279 of the Revenue Act of 1926.[1]

---

[1] 44 Stat. 55 *et seq.*

The pertinent substance of these follows:

Within 60 days after notice of the commissioner's determination of deficiency, the taxpayer may file petition with the board of tax appeals for redetermination; no assessment or proceeding in court for collection shall be made or begun until the board's decision has become final. § 274 (a).[2] The amount redetermined by decision that has become final shall be assessed and upon his demand shall be paid to the collector. § 274 (b).

Assessment shall be made within five years after the return; "no proceedings in court without assessment for the collection of taxes shall be begun after the expiration of such period." § 277 (a). The running of the statute of limitations on assessment or proceeding in court for collection of deficiency shall be suspended for the period during which the commissioner is prohibited from making assessment or bringing suit and for 60 days thereafter. § 277 (b). Where the assessment has been made within the period properly applicable thereto, the tax may be collected by distraint or proceeding in court "but only if begun . . . within six years after the assessment of the tax." § 278 (d). If the commissioner believes that assessment or collection of deficiency will be jeopardized by delay he shall immediately assess the deficiency and "notice and demand shall be made by the collector for the payment thereof." § 279 (a). Jeopardy assessment may be made whether or not the taxpayer has filed petition with the board. § 279 (c). If it is made after the board's decision it may be only for the deficiency determined by the decision. § 279 (d). The taxpayer may obtain stay of collection of the jeopardy assessment. § 279 (f)-(h).

---

[2] The board's decision becomes final upon expiration of the time (six months after it renders decision) allowed for filing petition for review by a circuit court of appeals or the court of appeals of the District of Columbia. §§ 1001, 1005.

The liability at law or in equity of "a transferee of property of a taxpayer in respect of the tax" shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in case of a deficiency in a tax. § 280 (a). Transferee liability must be assessed within one year from expiration of the period of limitation for assessment against the taxpayer. § 280 (b) (1). The running of the period of limitation on transferee liability shall, after notice to transferee under § 274 (a), be suspended for the period during which the commissioner is prohibited from making assessment of that liability and for 60 days thereafter. § 280 (d).

This is not a suit upon assessment of deficiency against the taxpayer on account of the commissioner's determination as shown in his letter of December 6, 1924. The time for such a suit, six years after assessment, expired long before the commencement of this suit. § 278 (d). *United States* v. *Updike,* 281 U. S. 489, 494.

Nor is it a suit authorized to be brought, in absence of assessment, to enforce liability of a transferee of the taxpayer's property. The time for bringing such a suit is six years, made up of five years after return, allowed for assessment against taxpayer, § 277 (a), and one year thereafter for assessment against transferee. § 280 (b) (1). The taxpayer having made its return on May 16, 1921, the six years expired May 16, 1927.

This suit is against transferees under the will of a transferee of the property of the taxpayer; it is based on the jeopardy assessment made against testator.

Plaintiff asserts that it had six years after that assessment, or until February 14, 1937, within which to bring this suit. Its reasoning is that § 280, specifying no period of limitation for collection of liability of a transferee after it has been assessed, and providing that it shall be collected subject to the same limitations as in the case of

deficiency in a tax, makes applicable the period of limitation upon collection defined in § 278 (d).

But no assessment was made against any of the defendants. None of them is a transferee of the property of the taxpayer; all are testamentary transferees of the estate of testator. It is clear that §§ 278 (d) and 280 upon which plaintiff relies are not broad enough to impose on defendants any liability on account of the assessment against the testator.[3] And, as already shown, suit

---

[3] Cf. § 311, Revenue Act of 1928. It provides:

"(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title. . . . (1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax . . . imposed upon the taxpayer by this title. . . .

"(b) The period of limitation for assessment of any such liability of a transferee . . . shall be as follows: (1) In the case of the liability of an initial transferee of the property of the taxpayer,—within one year after the expiration of the period of limitation for assessment against the taxpayer; (2) In the case of the liability of a transferee of a transferee of the property of the taxpayer,—within one year after the expiration of the period of limitation for assessment against the preceding transferee, but only if within three years after the expiration of the period of limitation for assessment against the taxpayer;—

except that if before the expiration of the period of limitations for the assessment of the liability of the transferee, a court proceeding for the collection of the tax or liability in respect thereof has been begun against the taxpayer or last preceding transferee, respectively,—then the period of limitation for assessment of the liability of the transferee shall expire one year after the return of execution in the court proceeding."

The report of the Senate Committee on Finance states: "Section 280 of the revenue act of 1926 does not specifically provide any limitation period in the case of a transferee of a transferee of the taxpayer. Section 311 (b) (2) of the House bill provides, with specific exceptions, that the period for assessment in such case shall be one year after the expiration of the period of limitation for assessment against

on assessment against the taxpayer, or suit in absence of assessment of transferee liability, was by the applicable statutes of limitations barred long before this suit was brought.

Moreover, the assessment sued on was out of time. Plaintiff cites § 280 (d) and seeks to apply to the facts of this case the rule that assessment against transferee is required to be made within 6 years after return, §§ 277 (a), 280 (b) (1), as follows: The taxpayer made its return May 16, 1921. When, on April 15, 1926, the commissioner notified testator that he proposed to assess transferee liability against him, there remained 13 months and a day of the period allowed for making that assessment; the commissioner was prohibited from making the proposed assessment for the 60-day period within which testator was permitted to petition for redetermination by the board and until its decision, January 27, 1931, became final, June 27, 1931, and for 60 days thereafter, September 25, 1931. §§ 278 (d), 280 (d). Taking in the 13 months and a day, plaintiff had until October 25, 1932 within which to assess testator.

But that calculation is defective for it fails to take into account any part of the period after appeal to the board that elapsed between the death of testator in March, 1929, and the assessment, more than 23 months later, February 14, 1931. Redetermination is granted to safeguard against erroneous exactions by the commissioner. Suspension of his authority to assess or collect is protection against compulsory payment pending final decision

the preceding transferee. It seemed to the committee that this would unduly prolong litigation and that there should be a time when the transferee may know that he is no longer liable to be proceeded against. A committee amendment therefore provides that in all cases the tax must be assessed within three years after the expiration of the period of limitation for assessment against the taxpayer." Senate Report No. 960, 70th Congress, 1st Session, p. 32.

upon objections interposed by petitioner. The proceeding is an adversary one in which the party praying relief by redetermination is petitioner and the commissioner is respondent. The controversy is brought to issue by petition, answer, and reply that are by the board required to be definite and certain. Rules 6, 14, 15.[4] Before its decision either party, for cause shown, may have the proceeding dismissed.[5] Rule 31. And in case of petitioner's death, the board may order substitution of proper parties. Rule 37.

No personal representative of testator nor any other person applied for substitution of a party to carry on the proceeding in the place of the deceased testator, and none was ordered. The commissioner failed to obtain or seek dismissal for lack of a necessary party or want of prosecution. Cf. *Rusk* v. *Commissioner* (CCA 7) 53 F. 2d 428, 430. Plaintiff does not contend that, no substitution having been applied for or made, the commissioner was not entitled to an order of dismissal. Nor does it suggest anything to support the assumption, made in its calculation of time and throughout its argument, that suspension of commissioner's authority to assess continued through the period of more than 23 months between testator's death and the assessment. There is no ground on which it may be held that Congress intended in case of death of petitioner, where no application for or order of substitution is made, indefinitely to continue suspension

---

[4] Revised to November 1, 1929. Rules 31 and 37 are numbered 21 and 23 in the present edition of the Rules.

[5] Section 906 (c), Revenue Act of 1926, provides: "If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Board dismissing the proceeding shall . . . be considered as its decision that the deficiency is the amount determined by the Commissioner. An order specifying such amount shall be entered in the records of the Board unless the Board can not determine such amount from the pleadings." 44 Stat. 107.

of the commissioner's authority to assess. Equally un-
reasonable would it be to hold that suspension of the com-
missioner's authority to assess the asserted transferee
liability continued after testator's death for more than a
reasonable time within which, no substitution having
been applied for or made, to obtain dismissal. Unques-
tionably that time and more had expired long before the
assessment was made.

As the suit is barred by provisions of the Revenue Act
of 1926, we need not consider § 311 (b) of the Revenue
Act of 1928, upon which defendants also relied.

*Judgment affirmed.*

Mr. Justice Stone.

I think the judgment should be reversed.

The first transferee was a "taxpayer" within the mean-
ing of § 280 (a) (1), since he was liable under the provi-
sions of the revenue law to pay the tax and, like other
taxpayers, was subject to assessment and distraint as well
as to a suit for recovery of the tax. *United States* v. *Up-
dike,* 281 U. S. 489, 494. Respondent, the second trans-
feree, was therefore in the words of § 280 (a) (1), " a trans-
feree of property of a taxpayer," and its tax liability was
by that section to "be assessed, collected, and paid in the
same manner and subject to the same provisions and limi-
tations as in the case of a deficiency in a tax imposed by
this title . . . including the provisions . . . authorizing
distraint and proceedings in court for collection . . ."

Under § 278 (d) the statute of limitations for collection
of the tax from the first transferee did not expire until
January, 1931, six years after assessment of the tax against
the original taxpayer and first transferor. *United States*
v. *Updike, supra.* By § 277 (b) the running of the six
year statute is suspended, after the beginning of deficiency
proceedings under § 274 (a), "for the period during which

the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court." And by § 274 (a) it is provided that during the pendency of deficiency proceedings "no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted . . ." It follows that the running of the statute of limitations in favor of the first transferee was suspended during the pendency of the deficiency proceedings intiated with respect to him April 15, 1926, at least, as the opinion of the Court states, until the death of the first transferee in March, 1929, or for a period of nearly three years. The period of limitations for the collection of the tax from the first transferee was thus extended at least until 1933, within which time the present suit was brought against respondent. By virtue of the transfer, the transferee, to the extent of the property received, becomes subject to the tax liability of the transferor. *Phillips* v. *Commissioner*, 283 U. S. 589, 592, 593, and cases cited in footnote 1. Since the period of limitations and the provisions for its suspension under §§ 274 (a) and 277 (b), applicable to the first transferee and taxpayer, are by § 280 (a) (1) likewise applicable to his transferee, who is also a taxpayer, *United States* v. *Updike, supra*, 494, it follows that the statute of limitations applicable to respondent, the second transferee, had not expired when the present suit was brought in May, 1932.

No distinction was made by the revenue laws between the liability and the period of limitations applicable to a first transferee and those applicable to a second until the enactment of § 311 of the Revenue Act of 1928, which provided in subsection (b) (2) that the liability of a second transferee of the property of the taxpayer should not extend beyond three years after the expiration of the period of limitation for assessment against the original

taxpayer, except that provision was made for an extension of the time if within that period "a court proceeding for collection of the tax or liability" had been begun against the original taxpayer or the last preceding transferee. In recommending these changes the report of the Senate Finance Committee, No. 960, 70th Congress, 1st Sess., p. 32, prepared before our decision in the *Updike* case, pointed out that § 280 of the 1926 Act did not specifically provide any limitation period in the case of a transferee of a transferee, and it stated that the purpose of the new provisions in § 311 (b) (2) was to shorten the period during which proceedings might be had against a second transferee. This legislative history is persuasive that under § 280 of the 1926 Act, as its language indicates, the second transferee is the transferee of a taxpayer and subject to the same period of limitations and provisions for its extension as is his transferor.

As a transferee is subject to the tax liability of his transferor, the second transferee under the 1926 Act is either subject to the same period of limitations as his transferor, or there is no statute of limitations applicable to him. But if the first transferee is a taxpayer, so as to avail himself of the benefit of the six year statute of limitations for collection of the tax, as held in the *Updike* case, his transferee is likewise a taxpayer, as well as the transferee of a taxpayer, so as to be subject to the burden of the provisions extending the period of limitation for collection of the tax. § 280 (a) (1).

Mr. Justice Black concurs.