## UNITED STATES v. MOTSINGER.
### No. 4811.

Circuit Court of Appeals, Fourth Circuit.
Nov. 10, 1941.

Ellis N. Slack, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch, Helen R. Carloss, and S. Dee Hanson, Sp. Assts. to the Atty. Gen., and Carlisle W. Higgins, U.S. Atty., of Greensboro, N.C., on the brief), for appellant.

Winfield Blackwell, Jr., and R. C. Vaughn, both of Winston-Salem, N. C. (John S. Graham and Vaughn & Graham, all of Winston-Salem, N. C., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal from a judgment dismissing, on the ground that it was barred by limitations, an action instituted by the United States under sections 3466 and 3467 of the Revised Statutes, 31 U.S.C.A. §§ 191, 192. The action was against a fiduciary to whom assets of a taxpayer had been transferred in trust and who had distributed them without paying the tax assessed against the taxpayer. It appears from the complaint that the tax was assessed against the taxpayer on April 27, 1934, and that ac-

tion was commenced against the fiduciary May 2, 1940, more than six years later. The facts are thus stated in detail in paragraphs IV and V of the complaint:

"IV. That on March 15, 1930, one W. G. Patterson, a resident of Birmingham, Alabama, filed his federal income tax return for the calendar year 1929. After an audit of such return and an examination of the books of said W. G. Patterson, the Commissioner of Internal Revenue mailed to the said W. G. Patterson, on October 23, 1931, a notice of deficiency in income taxes for the year 1929 in the amount of $16,-712.92. Thereafter, on December 21, 1931, said W. G. Patterson took an appeal from said proposed deficiency to the United States Board of Tax Appeals. Thereafter, pursuant to a stipulation entered into by the said W. G. Patterson and the Commissioner of Internal Revenue, in an open hearing before the Board of Tax Appeals on March 19, 1934, said Board of Tax Appeals, by formal order entered April 9, 1934, found a deficiency of taxes against W. G. Patterson in the amount of $11,827.27 for the taxable year 1929. This deficiency, plus $2,921.01 deficiency interest, a total of $14,-748.28 was duly and regularly assessed against the said W. G. Patterson by the Commissioner of Internal Revenue on the April 27, 1934 list, No. 4, page O, line 4. No part of the said $14,748.28 has been paid and the entire amount thereof together with lawful interest thereon, is wholly due and unpaid.

"V. That at all times mentioned herein said W. G. Patterson was and now is insolvent. That by instrument dated November 1, 1930, thereafter modified by instrument dated November 19, 1931, the said W. G. Patterson, not having sufficient property to pay all his debts, including the debt due to the United States for income taxes for the calendar year 1929, made a voluntary assignment of his property to Keehn W. Barry, John Andrews and the defendant M. E. Motsinger as trustees. Said trustees, including M. E. Motsinger, the defendant herein, on or about January 2, 1935, liquidated the property of W. G. Patterson so assigned to them and received therefor a sum of money in excess of $75,000 which said sum in excess of $75,000 said trustees distributed to the general creditors of the said W. G. Patterson and failed and refused to recognize the priority accorded to the United States by sections 3466 and 3467 of the Revised Statutes of the United States." [1]

Sections 3466 and 3467 of the Revised Statutes, 31 U.S.C.A. §§ 191 and 192, are as follows:

"Section 3466 [191]. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.

"Section 3467 [192]. Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid." 48 Stat. 760.

---

[1] Why the government is pressing this action against the fiduciary it is difficult to understand, since according to a note in the government's brief it has instituted a timely suit against the taxpayer himself and has a guaranty that any judgment obtained therein will be paid. That note is as follows: "Separate suits, like the instant action, were also brought individually and are now pending against Keehn W. Berry, John Andrews, and W. G. Patterson to establish and enforce the same liability as that asserted against the taxpayer herein (United States v. Keehn W. Berry (E.D.La.), suit filed April 26, 1940; United States v. John Andrews (S.D.Fla.), suit filed April 27, 1940; United States v. W. G. Patterson (N.D.Ala.), suit filed April 26, 1940). (R. 5, 7). The respective parties thereto have stipulated that the several causes shall be consolidated for trial, regardless of venue or jurisdiction, in the District Court for the Northern District of Alabama at Birmingham, Alabama, and that the First National Bank of that City has guaranteed to pay or cause to be paid any final judgment which may be rendered in such proceedings. (R. 30)."

The contention of the government is that no statute of limitations is applicable to actions instituted under these sections; that the period of limitations provided by section 311(b) (3) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 311(b) (3), applies only to the collection of a liability assessed against a fiduciary under section 311(a) (2); that section 311 provides merely an alternative remedy for the collection of taxes from transferees and fiduciaries; and that the limitations therein provided have application only to such alternative remedy and not to suits instituted under 3466 and 3467.

■ The government is correct, we think, in contending that the remedy provided by I. R. C. § 311 for collection of taxes from transferees and fiduciaries is alternative and not exclusive. Phillips v. Com'r, 283 U.S. 589, 51 S.Ct. 608, 75 L. Ed. 1289; Leighton v. United States 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350; Rosenberg v. McLaughlin, 9 Cir., 66 F.2d 271, cert den Rosenberg v. Lewis, 290 U.S. 696, 54 S.Ct. 132, 78 L.Ed. 599. And it may be assumed that the limitation therein provided has application to such alternative remedy, and not to the old remedy under R. S. §§ 3466 and 3467. See opinion of Judge McDermott in United States v. Updike, 8 Cir., 32 F.2d 1, 4, 5. It by no means follows, however, that there is no statute of limitations applicable to a suit under these sections for the collection of a tax from a fiduciary. I.R.C. sec. 276(c), 26 U.S.C.A. Int.Rev.Code, § 276(c), provides: "Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

■ There can be no question, we think, but that a suit under 3467 to hold a fiduciary liable in his own person and estate for a tax due the United States is a "proceeding in court" to collect the tax and that it may be maintained only if commenced "within six years after the assessment of the tax", as provided in the section just quoted, I.R.C. § 276(c). Directly in point is the decision of the Supreme Court in United States v. Updike 281 U.S. 489, 50 S.Ct. 367, 368, 74 L.Ed. 984. That was a suit in court to collect from stockholders of a corporation, to whom its assets had been distributed, income taxes assessed against the corporation. The six-year statute of limitations provided by section 278 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 209, now section 276 of the Internal Revenue Code, was pleaded in bar of the action. The court held it applicable saying: "It seems plain enough, without stopping to cite authority, that *the present suit, though not against the corporation but against its transferees to subject assets in their hands to the payment of the tax, is in every real sense a proceeding in court to collect a tax. The tax imposed upon the corporation is the basis of the liability, whether sought to be enforced directly against the corporation or by suit against its transferees.* The aim in the one case, as in the other, is to enforce a tax liability; and the effect of the language above quoted from section 280 is to read into that section, and make applicable to the transferee equally with the original taxpayer, the provision of section 278(d) in relation to the period of limitation for the collection of a tax. Indeed, when used to connote payment of a tax, it puts no undue strain upon the word 'taxpayer' to bring within its meaning that person whose property, being impressed with a trust to that end, is subjected to the burden. Certainly it would be hard to convince such a person that he had not paid a tax." (Italics supplied).

In point, also, is the decision in United States v. First Huntington National Bank, D.C., 34 F.Supp. 578, 581, affirmed by this court on the opinion of the court below, 117 F.2d 376. That was a suit under section 3467 of the Revised Statutes to collect an estate tax from a fiduciary that had disbursed assets without payment of the tax assessed against the estate. Suit was brought within six years of the assessment against the estate but not within the time allowed by the statute for making an assessment against the fiduciary under the alternative remedy of summary assessment provided by the statute. The government's contention that the six-year statute was the one applicable and that it ran from the assessment against the estate was sustained. The court said:

"Prior to the Revenue Act of 1926, there were no statutory provisions governing the

manner of collection of personal liability of a fiduciary under R.S. § 3467, or the liability, at law or in equity, of transferees of property of a decedent, or of transferees with respect to income taxes. Such liability was collected by suit, which often proved difficult and expensive. In 1926 Congress provided an alternative summary method of collection by notice to the fiduciary or transferee with opportunity to pay and sue for refund, or to be heard before the Board of Tax Appeals, with right to appeal to the courts. This did not create a new obligation, but merely provided a new remedy for enforcing an existing obligation. Phillips v. Commissioner,. 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Leighton v. United States, 9 Cir., 61 F.2d 530; Rosenberg v. McLaughlin, 9 Cir., 66 F.2d 271, certiorari denied, Rosenberg v. Lewis, 290 U.S. 696, 54 S.Ct. 132, 78 L.Ed. 599.

"The provisions of sec. 280 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev. Acts, page 212, providing the new remedy for collection of income taxes, are almost identical to the provisions of Sec. 316 of the same act, 26 U.S.C.A. Int.Rev.Acts, page 254, pertaining to estate taxes. The courts have uniformly held that the new remedy providing for assessment directly against the fiduciary for personal liability under § 3467, R.S., and providing for assessment against transferee upon his existing liability at law or equity, was not exclusive, but cumulative. The government may still exercise its old remedy of proceeding in court against the fiduciary or transferee without previous assessment against them under Sections 316 and 280, respectively. That is what the government has done in this case. This action is not brought under Section 316 and therefore the limitation provisions of such section are not applicable. The applicable statute is Sec. 311 of the Revenue Act of 1926. . [Note section 311(b) is similar to I.R.C. § 276(c) and not to any of the subsections of I.R.C. § 311]. Assessment of the tax was made against the estate on January 5, 1933, and this proceeding in court to collect the tax was begun within six years thereafter. *While this suit is against the fiduciary personally, it is, nevertheless, a proceeding in court to collect the identical tax which was previously assessed against the estate,* under a prior Act of Congress—Revenue Act of 1924 in effect at death of decedent. Russell v. United States, 278 U.S. 181, 49 S. Ct. 121, 73 L.Ed. 255. The Russell case was a suit against the stockholders of a dissolved corporation as transferees to recover taxes assessed against the corporation. The Supreme Court held that such action was a proceeding for the collection of taxes and was barred by the applicable statute of limitations." (Italics supplied).

Another case in point is the decision of Judge Chesnut in United States v. Barber, D.C., 24 F.Supp. 229. That suit was instituted to impress a trust on property transferred by a corporation against which a tax had been assessed. It was held that the statute applicable was the six-year limitation under 276(c) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 430, which is similar to I.R.C. § 276(c).

See, also, United States v. Continental National Bank & Trust Co., 305 U.S. 398, 59 S.Ct. 308, 83 L.Ed. 249.

The attempt of the government to distinguish the Updike and Huntington National Bank cases from the case at bar results merely in pointing out distinctions without any real difference. It is true that the Updike case was against transferees of assets and not against a fiduciary, but the attempt was to hold these transferees liable for taxes assessed against another, just as here the attempt is to hold the fiduciary for such taxes. The point of importance in that case is that the statute of limitations was held applicable because the proceeding was held to be one to collect a tax, within the meaning of the statute, even though, just as here, no tax had been assessed against the defendants invoking the statute. In the Huntington National Bank case, the holding was clearly to the effect that the provisions of the statute prescribing the alternative remedy, sec. 316 of the Revenue Act of 1926, were not applicable, but that section 311 (similar to sec. 276(c) of the Internal Revenue Code here involved, and not to sec. 311 of that Code) was applicable, and that the period of limitations therein provided had not expired.

■ While we think that the limitation provisions of sec. 311 of the Internal Revenue Code have no application to a suit instituted against a fiduciary of the original taxpayer under sec. 3467 of the Revised Statutes, it is clear that it was the intention of Congress, in prescribing the limitations for an assessment against a fiduciary under sec. 311, to follow the same limitation as existed with respect to a proceeding to collect the tax of the original taxpayer in other ways. The Revenue Act of 1926, sec. 280(b) (2) prescribed a period of six

years after the assessment against the taxpayer for making the administrative assessment against the fiduciary. The amendment of 1928 changed this so as to permit the assessment to be made, in any event, one year after the liability of the fiduciary arises. The reason for the amendment is thus set forth in the Report of the Ways and Means Committee (70th Congress, First Session, H. R. 2), which shows the understanding of the committee that proceedings against the fiduciary were barred under existing law by the lapse of six years, viz.: "Under existing law the government has six years in which to collect income taxes assessed against the estate of a decedent and accruing during the lifetime of the decedent or during the administration of his estate. If during the latter part of the six-year period the executor disposes of the assets of the estate in such manner as to create a personal liability in him under section 3467, R. S., proceedings against the executor would be barred under Statute of Limitations provided by section 280 of the 1926 Act. The Committee has met this difficulty in section 311(b) (3) by providing that the personal liability of the fiduciary may be assessed not later than one year after such liability arises or not later than the expiration of the period for the collection of the tax upon the decedent's estate, whichever is the later."

The contention of the government leads to the absurd result, as counsel for the government very candidly admits, that a proceeding against a fiduciary under R.S. sec. 3467 for the collection of a tax would never be barred by limitations, although a proceeding against the taxpayer himself would be barred by the provisions of section I.R.C. sec. 276(c) and an assessment, as distinguished from a suit, against the fiduciary would be barred by I.R.C. sec. 311(b) (3). Such a result, we think, could never have been intended by Congress and arises from ignoring the fact that the proceeding under R.S. sec. 3467 is nothing more than one to collect the tax of the taxpayer out of the fiduciary. In the Updike case, supra, the Supreme Court said, "If by section 278(d) [which is similar to 276(c) of the Internal Revenue Code] the period of limitation had run in favor of the corporation, it had run in favor of the transferees". There is no reason in law or common sense, why the same principle should not be applied in protection of a fiduciary, "especially in view of the rule which requires taxing

acts, including provisions of limitation embodied therein, to be construed liberally in favor of the taxpayer. Bowers v. New York & Albany Co., 273 U.S. 346, 349, 47 S.Ct. 389, 71 L.Ed. 676". United States v. Updike, supra, 281 U.S. at 496, 50 S.Ct. at 369, 74 L.Ed. 984. To treat the liability of the fiduciary as an entirely new and independent liability and to close one's eyes to the patent fact that it is, in reality, the old tax liability of the original taxpayer which is being enforced against the fiduciary, is to deny to the fiduciary this liberal construction to which he is entitled and to invoke against him the harshest sort of technicality. We are wisely forbidden to give the taxing acts such an interpretation.

The judgment appealed from will accordingly be affirmed.

Affirmed.