HOLLOWAY, Circuit Judge.
In this civil action, the United States sued Mr. James Holmes seeking to collect a federal tax debt owed by the now-defunct 'corporate entity Colorado Gas Compression, Inc. Defendant Holmes, the AppellanWCross-Appellee in this court, had been the sole shareholder of Colorado Gas prior to the entity’s demise. The district court granted final judgment in favor of the United States in the amount of $2,538,930.94. Defendant Holmes appeals from that judgment. ■ The United States cross-appeals from the district court’s decision regarding the date from which prejudgment interest would be awarded. This court has jurisdiction under 28 U.S.C. § 1291.
I
The federal tax liabilities from which the present litigation arose were those of Colorado Gas. Mr. Holmes was the sole shareholder of Colorado Gas until it was dissolved by the Colorado Secretary of State in 2005, by which time it had ceased operations. In 1998, the IRS sent a notice of deficiency to Colorado Gas after determining that the company owed corporate income taxes for the years 1994, 1995, and 1996. Colorado Gas petitioned the United States Tax Court, challenging the determination. The Tax Court upheld the position of the IRS. On appeal, this court reversed and remanded to the Tax Court for a redetermination of the deficiencies. See Colorado Gas Compression, Inc. v. Commissioner, 366 F.3d 863 (10th Cir.2004). On remand in 2005, the Tax Court entered a decision holding that Colorado Gas owéd $923,049.00 in unpaid taxes plus $1,134,563.90 in interest. The IRS then assessed the taxes against Colorado Gas. (We will discuss infra the significance of assessment.) Colorado Gas did not pay the assessed taxes and interest.
Colorado Gas made a series of distributions to Mr. Holmes in the years from 1995 to 2002, transfers which totaled over $3.6 million. As will be explained infra, it is significant that Colorado Gas was in the process of winding up its active operations at this time.
*1232 The government commenced this lawsuit in November 2008. The government invoked only provisions of Colorado law in its four-count complaint. The first two counts alleged that Mr. Holmes was liable under the Colorado version of the Uniform Fraudulent Conveyances Act. The third claim alleged that Mr. Holmes was liable under Colo.Rev.Stat. § 7-90-913 as an owner of Colorado Gas who had received assets in the liquidation of the company. The fourth count alleged liability under Colo.Rev.Stat. § 7-108-403 because Mr. Holmes was a director who had voted for an unlawful distribution of the company’s assets.
On the government’s motion for summary judgment, the district court ruled that Mr. Holmes was liable but that the amount for which he was liable had not been proven. In its ruling, the district court addressed only count three of the four counts alleged by the government.
The government later moved twice for entry of judgment, supporting its motions with calculations of Defendant’s liability. The district court granted the second motion, entering final judgment in favor of the United States in the amount of $2,533,930.94. Defendant Holmes appeals from that judgment, and the government cross-appeals from the district court’s calculation of the award of prejudgment interest.
II
“We review a grant of summary judgment de novo, applying the same standard as the district court.” McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir.1998). Under Fed.R.Civ.P. 56(a), summary judgment should be entered by the district court if “there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law.” On appeal,
[w]e examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.
McKnight, 149 F.3d at 1128 (brackets and quotations omitted).
Ill
In his appeal from the district court’s judgment, Mr. Holmes raises only a single issue: whether the claims of the government are barred by the Colorado statute of limitations.[1] The district court held that Mr. Holmes was liable under Colorado Rev. Stat. § 7-90-913, which provides that if assets have been distributed to an owner in the liquidation of a company, a creditor of the dissolved corporation may enforce her claim against the owner up to the “total value of assets distributed to the owner....” Actions by creditors under this statute are, Mr. Holmes argues, subject to the general two-year statute of limitations in Colo.Rev.Stat. § 13-80-102. And the government does not dispute that its claims would be barred under the state’s statute of limitations if applicable: the government argues, however, that its claims are not subject to any *1233 state statute of limitations or extinguishment.
The government argues that its claims are instead limited only by the ten-year statute of limitations of 26 U.S.C. § 6502(a). This is not the position that the government took in the district court. Instead, in the district court the government argued that its claim was not subject to any period of limitations, whether state or federal. Consequently, we must first decide whether to- consider the argument raised for the first time on appeal.
Our general rule is that we may affirm a district court judgment on a basis different from that employed by the district court, assuming that the alternate basis is consistent with the record. And while in many of the cases in which we have followed this rule the theory was at least raised in the district court, see, e.g., Bixler v. Foster, 596 F.3d 751, 760 (10th Cir.2010), that has not always been the case, see, e.g., Jordan v. U.S. Dept, of Justice, 668 F.3d 1188, 1200 (10th Cir.2011). In his effort to persuade us not to follow our general rule in this case — and thus not to consider the government’s newly raised argument — Mr. Holmes cites language from several of our opinions which seems on the surface to express a hostility to new arguments in tension with the general rule. But there is no conflict because the cases on which Mr. Holmes relies and from which he extracts this language are all cases in which it was the appellant who wished to present a new argument to reverse a district court judgment.[2]
Mr. Holmes has had an opportunity to respond to the government’s new argument, both in his reply brief and at oral argument. One additional reason also weighs in favor of our following our general rule by considering the government’s new argument for affirming the district court: the government’s argument on appeal is narrower than the one it presented to the district court. In the district court, the government argued that it was not subject to any limitations whatsoever in pursuing this claim, but the government now concedes that it is bound by the ten-year limitation period of 26 U.S.C. § 6502(a). Therefore, we conclude that we-should exercise our discretion by considering the government’s appellate argument.
The basic facts are undisputed. As noted, the IRS issued a notice of deficiency to Colorado Gas in 1998, see 26 U.S.C. § 6212(a), alleging that the company owed taxes for the years 1994, 1995, and 1996. After proceedings in the Tax Court and an appeal to this court, the IRS assessed the tax against the company, as it is “authorized and required” to do by 26 U.S.C. § 6201(a). An “assessment” is “little more than the calculation or recording of a tax liability.” United States v. Galletti, 541 U.S. 114, 122, 124 S.Ct. 1548, 158 L.Ed.2d' 279 (2004). But an assessment has important legal consequences nevertheless.
Section 6502(a) provides that when a tax has been properly assessed, the statute of limitations for collection of the tax is ten years from the date of assessment. Thus to claim entitlement to the ten-year period of limitations, the government must show that the tax was properly assessed. The government made this showing in the district court. Although 26 U.S.C. § 6501(a) initially states that the assessment must be made within three years from the filing of the return in question, other portions of the Internal Revenue Code provide that *1234 this three-year period is tolled by certain events. Here, in particular, the IRS asserts — and we see nothing in the record, nor any argument to the contrary — that the three-year period is tolled when the IRS mails a notice of deficiency to the taxpayer, which was done here, and thereafter is prohibited from assessing or collecting, as it was when Colorado Gas petitioned the Tax Court. See 26 U.S.C. § 6503(a)(1). Under the statute, the three-year period did not begin to run until the proceedings initiated by the taxpayer had come to an end. In this case, the taxpayer’s challenge was not finally resolved until July 2005, and the IRS timely filed assessments in 2002 and 2005.[3]
Mr. Holmes argues, however, that assessments against Colorado Gas did not extend the government’s time to proceed against him but only against his company. Mr. Holmes relies on the provisions of 26 U.S.C. § 6901, which authorize the IRS to assess tax against a transferee (and then, of course, to take steps to collect). The IRS in response contends that these provisions merely provide it with an alternative way to pursue collection against a transferee, rather than prescribing a required method. On this point, the government is surely correct, as we have held: “[T]he collection procedures contained in § 6901 are not exclusive and mandatory, but are cumulative and alternative to the other methods of tax collection recognized and used prior to the enactment of § 6901 and its statutory predecessors.” United States v. Russell, 461 F.2d 605, 606 (10th Cir.1972); see also Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350 (1933).
Moreover, Mr. Holmes’s argument is at odds with United States v. Galletti, 541 U.S. 114, 124 S.Ct. 1548, 158 L.Ed.2d 279 (2004). In that case, the IRS had assessed delinquent taxes against a partnership. The government later sued general partners of the firm to collect the unpaid taxes. The partners in that case, like Mr. Holmes here, argued that the failure to assess the taxes against.them individually meant that the government’s suit was time barred, the assessment against the partnership having- — according to their argument — extended the statute of limitations only as to the partnership and not as to them individually. The Supreme Court unanimously rejected that argument, observing that the IRS assesses taxes, not taxpayers. Id. at 123, 124 S.Ct. 1548. The Court went on to hold that:
Once a tax has been properly assessed, nothing in the [Internal Revenue] Code requires the IRS to duplicate its efforts by separately assessing the same tax against individuals or entities who are not the actual taxpayers but are, by reason of state law, liable for payment of the taxpayer’s debt. The consequences of the assessment — in this case the extension of the statute of limitations for collection of the debt — attach to the tax debt without reference to the special circumstances of the secondarily liable parties.

Id.

Mr. Holmes contends that we should confine Galletti to its facts, that it would be an extension of the holding of that case to apply it to this case in which the IRS is pursuing a shareholder of a corporation *1235 which was delinquent in its taxes. But the logic and language of Galletti are not so easily cabined, we believe. The IRS was not required to separately assess the taxes against Mr. Holmes individually, and it follows that the IRS can validly invoke the ten-year period of limitations as it has done.[4]
Mr. Holmes’s primary argument, however, is that the government is proceeding here under state law and as such is subject to the state limitations period; under this view, any federal limitations provision is simply irrelevant to this matter. Justice O’Connor, speaking for a unanimous Court, has said, “Whether in general a state-law action brought by the United States is subject to a federal or state statute of limitations is a difficult question.” United States v. California, 507 U.S. 746, 758, 113 S.Ct. 1784, 123 L.Ed.2d 528 (1993). But we do not face that difficulty here. Even though the government here proceeds against Mr. Holmes by invoking a provision of state law, we must not ignore the reality that “the present suit, though not against the corporation but against its transferee[ ] to subject assets in [his] hands to the payment of the tax, is in every real sense a proceeding in court to collect a tax.” United States v. Updike, 281 U.S. 489, 494, 50 S.Ct. 367, 74 L.Ed. 984 (1930). As counsel for the government put it at oral argument, Mr. Holmes is making here the argument on which the government lost in Updike.[5]
Because, as in Updike, the government’s action here is “in every real sense a proceeding in court to collect a tax,” the government is “acting in its sovereign capacity in an effort to enforce rights ultimately grounded on federal law,” Bresson v. Commissioner, 213 F.3d 1173, 1178 (9th Cir.2000). Therefore, the government’s claim is not subject to state statutes of limitation or extinguishment. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). As the Supreme Court expressed the rule in that case, “When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement.” 310 U.S. at 417, 60 S.Ct. 1019.
*1236 We hold that the district court did not err in granting summary judgment to the government on the issue of Mr. Holmes’s liability as transferee for the taxes of his company.
IV
In its cross-appeal, the government urges that the district court committed error in deciding the date from which prejudgment interest would accrue on the government’s recovery. We conclude, however, that this issue was not properly preserved for appeal, and we accordingly decline to consider it.
The briefing in the district court on the issues relevant to the calculation of prejudgment interest was confused, as the government now admits, by the government’s initial submission to the district court of an erroneous calculation. See Principal Brief and Response Brief for the Appellee-Cross-Appellant at 56-57. This miscalculation did more than confuse the question of how interest should be calculated: Because of one particular legal principle, the calculation was relevant to the issue of whether state or federal law should govern the award of prejudgment interest.[6] In its initial brief in support of its motion for summary judgment, the government argued that federal law should be applied to determine the prejudgment interest. In a reply brief in support of that motion, the government alternatively asserted that it was entitled to interest from the date of the transfers from Colorado Gas to Mr. Holmes if state law were determined to be applicable. The district court granted the motion for summary judgment in part, holding that the government’s claim was not barred by limitations, but found the moving papers to be insufficient for the court to determine the prejudgment interest question.
With regard to the issue of prejudgment interest, the district court in that order noted that it might even be the case that both state and federal law would apply in part to the award of interest. The district judge noted further that the government had argued primarily that it was entitled to interest under federal law from the date of the transfers, but the United States had also argued alternatively that it was entitled to interest from the date of the transfers under state law. The parties had agreed that if state law applied, the governing statute would be Colo.Rev.Stat. § 5-12-102(a), which provides for prejudgment interest to be awarded to creditors when money has been “wrongfully withheld. ...” But the district judge found that the government, while arguing for recovery under this statute in the alternative, had not provided “any analysis for why it was ‘wrongful’ of Defendant to retain the distributions from 1994-1997 when the Notice of Deficiency was not issued until 1998.” II ApltApp. at 380-81. The district court indicated that it would permit the government to submit another motion for determination of the prejudgment issues.
The district court thus plainly invited the government to articulate an argument as to why Defendant’s failure to pay the *1237 corporation’s taxes before a notice of deficiency had issued was “wrongful” as that term is used in the state statute. The government did not do so; -instead, the government argued essentially that the point was moot because federal law should govern the calculation of prejudgment interest. The district court accordingly noted that the government appeared to have conceded that the Defendant’s “conduct in continuing to liquidate the company without providing for payment of the tax liability would be wrongful only after receipt” of the notice of deficiency. Id. at 430, 60 S.Ct. 1019.
On appeal, the government presents the argument that it declined to present to the district court, i.e., that Defendant acted “wrongfully” by failing to pay his company’s taxes before the IRS had served a notice of deficiency. This is improper. We noted in Part III, supra, that we have discretion to consider arguments raised for the first time on appeal when those arguments support affirming the district court. But we do not permit new arguments on appeal when those arguments are directed to reversing the district court. Consequently, we decline to consider the government’s argument and express no opinion on the correct resolution of the state law question that the government raises.
Conclusion
The judgment of the district court is AFFIRMED.

. More specifically, Mr. Holmes contends that the government’s third claim for relief, on which the district court’s judgment was based, is barred by the applicable statute of limitations, as discussed in the text, and that the government's other claims are barred either by the applicable state statute of limitations or by a Colorado extinguishment statute. For our purposes, we address only the government’s third claim and Mr. Holmes's arguments relevant to that claim.

. Mr. Holmes’s reply brief cites Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991); Lyons v. Jefferson Bank & Tr., 994 F.2d 716, 721 (10th Cir.1993); and Anschutz Land & Livestock Co. v. Union Pacific RR, 820 F.2d 338, 344 n. 5 (10th Cir.1987).

. Before us, Mr. Holmes does not challenge the propriety of the 2002 assessments, which preceded the ultimate resolution of the taxpayer’s petition for review in the Tax Court; consequently, we have no occasion to address that topic here. We merely note that the government’s brief recites that the IRS filed the 2002 assessments following the first decision of the Tax Court and the 2005 assessments following the Tax Court's decision after remand from this court.

. The dissent tries unsuccessfully to rebut our reliance on Galletti. The dissent attempts to distinguish Galletti by declaring that the Tax Code requires the IRS to assess the same tax against the transferee. Dissent at 18. The dissent simply ignores Russell and Leighton, the precedent which contradicts this premise as noted in our analysis.
Moreover, the dissent’s reading of United States v. Continental National Bank & Tr. Co., 305 U.S. 398, 59 S.Ct. 308, 83 L.Ed. 249 (1939), is flawed. Contrary to the dissent’s reading, the Court in Continental National clearly recognized that a suit against a transferee would have been sustainable — based on the assessment against the transferor — if it had been brought within the time permitted for suit against the transferor. The Court made that clear before addressing the quite different set of facts that were presented there. Thus, the Court explained at the outset of its analysis that the government’s suit "is not a suit upon assessment of deficiency against the taxpayer.... The time for such a suit, six years after assessment, expired long before the commencement of this suit.” 305 U.S. at 403, 59 S.Ct. 308.
Because in this case the government did bring suit based on the assessment against the transferor and within the time permitted for suit against the transferor, the government’s suit is timely, and Continental National, being based on a materially different factual context, offers no support to the dissent (which probably explains why Mr. Holmes has never cited or relied on the case).

. In Updike, it was the government which argued that the proceedings were not to collect a tax. This was because the applicable period of limitations under the Internal Revenue Code then in force had passed.

. A nutshell explanation of this principle should suffice under the circumstances, and the district court provided such a summary:
It appears to be fairly well established that where the value of assets transferred exceeds the transferor’s total tax liability, including penalties and interest, the transferee is liable for the entire amount of the deficiency and the amount of interest is prescribed by federal law, i.e., [26] U.S.C. § 6601. If the transferee receives less than the transferor’s tax liability, state law determines the calculation of interest.
Dist. Ct. Order of 3/30/2011, II Aplt.App. 379 (one internal citation omitted; statutory citation corrected).