FILED
United States Court of Appeals
Tenth Circuit

October 9, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DENVER HEALTH AND HOSPITAL
AUTHORITY,

     Plaintiff - Appellant,

v.

BEVERAGE DISTRIBUTORS
COMPANY, LLC; A PLAN DESIGNED
TO PROVIDE SECURITY FOR
EMPLOYEES OF BEVERAGE
DISTRIBUTORS COMPANY, LLC;

     Defendants – Appellees.

No. 12-1355
(D.C. No. 1:11-CV-01407-LTB-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **MCKAY**, and **EBEL**, Circuit Judges.

---

Junnapa Intarakamhang was an employee of Beverage Distributors Company,

LLC ("Beverage"). In June 2008 she attempted to enroll her domestic partner, Terrance

---

     * In accord with our order dated September 19, 2013, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Hood, as a dependent beneficiary in Beverage's medical insurance plan. On March 21, 2009, Mr. Hood was injured in a serious motorcycle accident and was treated at a hospital operated by Denver Health and Hospital Authority ("DHHA"). Principal Life Insurance Company ("Principal"), the claims processor for Beverage's medical insurance, forwarded several authorizations for Mr. Hood's care to DHHA while he was a DHHA patient. On May 14, 2009, Beverage informed Ms. Intarakamhang that Mr. Hood's coverage was rescinded because he was not her legal spouse and therefore had never qualified for benefits. Mr. Hood assigned his rights to DHHA, who initiated the underlying ERISA suit. The district court dismissed the ERISA claim on the pleadings. It found that DHHA, as Mr. Hood's assignee, did not have standing to sue under ERISA because Mr. Hood was never a "participant or beneficiary" of the plan. DHHA timely filed this appeal.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. **BACKGROUND**

In June 2008, Ms. Intarakamhang, a Beverage employee, attempted to enroll her domestic partner, Mr. Hood, in Beverage's medical insurance plan (the "Plan"). The Plan qualifies as an employee benefits plan governed by ERISA. The Plan provides coverage for "members" and "dependents." Members include employees of Beverage, like Ms. Intarakamhang, who are regularly scheduled to work at least 40 hours per week and enroll in the Plan. A member may also enroll dependents, meaning a spouse and/or minor children. The Plan defines "spouse" as someone "of the opposite sex to whom"

-2-

the member is "legally married." Appx. at 134. The Plan gives the "Plan Administrator" "complete discretion to construe or interpret all provisions." *Id.* at 49. It also provides that the "Plan Administrator's decisions in such matters shall be controlling, binding, and final." *Id.*

When Ms. Intarakamhang attempted to enroll Mr. Hood, Principal—the Plan's claims processor—provided a "Declaration of Domestic Partnership/Enrollment Form Addendum - CA" (the "Form"), which Ms. Intarakamhang and Mr. Hood completed and returned around June 25, 2008. Appx. at 1033. The Form includes Principal's logo and includes a space listing Beverage as the employing company. The Form repeatedly uses the term "domestic partner" to refer to the person the member is enrolling. *Id.* Ms. Intarakamhang made regular premium payments to the Plan for Mr. Hood's coverage.

On March 21, 2009, Mr. Hood was seriously injured in a motorcycle accident and taken to the DHHA hospital for treatment. He stayed there several weeks and incurred approximately $750,000 in medical bills. Beginning on March 24, 2009, DHHA received a Hospital Preadmission Authorization from Principal that identified Mr. Hood as the patient and Ms. Intarakamhang as the member. Principal sent DHHA 14 authorizations for 48 days in the hospital before rescinding Mr. Hood's coverage nearly two months after his accident.

Ms. Intarakamhang received a letter from Beverage, dated May 14, 2009, explaining that Mr. Hood's coverage was rescinded because he had never qualified as a dependent due to his marital status "currently and at the time he certified the declaration

-3-

of domestic partnership form." Appx. at 1036. Beverage claimed that Mr. Hood was legally married to someone other than Ms. Intarakamhang. Beverage then notified DHHA that Mr. Hood's coverage was rescinded effective June 20, 2008.

Mr. Hood assigned his rights to pursue any ERISA claims to DHHA. In the district court, DHHA's complaint asserted a claim for relief under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and two claims under Colorado law. The state law claims were dismissed with prejudice and are not part of this appeal. On November 4, 2011, Beverage filed a motion for judgment on the pleadings for the ERISA claim. The district court determined that DHHA lacked standing to pursue a claim under § 502(a)(1)(B) and granted Beverage's motion.

DHHA filed a timely notice of appeal.

## II. **DISCUSSION**

DHHA argues that the district court erroneously held that DHHA, as Mr. Hood's assignee, did not have standing to sue. Even if we find that DHHA has standing, Beverage argues that we may affirm the district court's grant of its motion for judgment on the pleadings on the alternative basis that DHHA and Mr. Hood failed to exhaust all administrative remedies as required by ERISA. Because we find that DHHA did not have standing to sue under ERISA, we do not reach Beverage's argument.

### A. *Standard of Review*

We review de novo a district court's order granting a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), applying the same standard that we apply for Fed.

-4-

R. Civ. P. 12(b)(6) motions to dismiss. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006). To prevail on a motion for judgment on the pleadings, "the moving party [must] clearly establish[] that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* (quotations omitted).

## B. *Standing*

Only a "participant or beneficiary" may bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1); *see also Chastain v. AT & T*, 558 F.3d 1177, 1181 (10th Cir. 2009). The burden of proof is on the plaintiff to establish that he or she is a participant or beneficiary. *See Mitchell v. Mobil Oil Corp.*, 896 F.2d 463, 474 (10th Cir. 1990).

"[H]ealthcare providers . . . generally are not considered beneficiaries or participants under ERISA and thus lack standing to sue" unless they have "a written assignment of claims from a patient with standing to sue under ERISA." *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1301-02 (11th Cir. 2010) (quotations omitted). As the assignee of Mr. Hood, DHHA "stands in [his] shoes . . . and, if the assignment is valid, has standing to assert whatever rights [he] possessed." *Misic v. Bldg. Serv. Emps. Health & Welfare Trust*, 789 F.2d 1374, 1378 n.4 (9th Cir. 1986); *see also Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 598 (7th Cir. 2008); *Pascack Valley Hosp. v. Local 464A UFCW*

*Welfare Reimbursement Plan*, 388 F.3d 393, 397 (3d Cir. 2004); *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 893-94 (5th Cir. 2003); *City of Hope Nat. Med. Ctr. v. HealthPlus, Inc.*, 156 F.3d 223, 227 (1st Cir. 1998); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991).

The critical question is whether Mr. Hood had standing to bring an ERISA claim when he transferred his rights to DHHA. If Mr. Hood did not have standing to bring a suit under § 502(a) of ERISA, then the district court lacked subject matter jurisdiction to hear the case. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1222 (10th Cir. 2011). The district court found that Mr. Hood was not a beneficiary under ERISA and therefore lacked standing to bring a claim. We agree.

ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). This court has not addressed what a plaintiff must show to prove that he or she "is or may become entitled to a benefit" and therefore qualify as a beneficiary, but we have addressed what a participant must prove. To have standing as participants, plaintiffs must have "either a 'reasonable expectation of returning to covered employment' or 'a colorable claim for vested benefits.'" *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1161-62 (10th Cir. 2004) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989) ("In order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or

she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future.")).

The Third Circuit recently applied *Firestone*'s "colorable claim" test to the context of beneficiary standing in *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69 (3d Cir. 2011). In that case, the biological mother of three minor children failed to designate a beneficiary for her life insurance benefits before she was killed in an accident. *Id.* at 72. Before her death, the woman convinced her close friend, Ms. Baldwin, to adopt her children legally and live together with her and the children. *Id.* After the woman's death, Ms. Baldwin filed a claim for life insurance benefits on behalf of the children. *Id.* The insurance plan's default provisions provided for payment of benefits to the decedent's "children." *Id.* The insurer denied the claim because the decedent relinquished her parental rights and the children were no longer her "children" under the insurance plan. *Id.* at 72-73. Ms. Baldwin sued for benefits under ERISA, § 1132(a)(1)(B). *Id.* at 73. The district court granted the insurer's motion to dismiss based on the children's lack of standing to sue under ERISA. *Id.* The Third Circuit concluded that the term "children" was ambiguous and reversed and remanded the case for the district court to allow the parties to present evidence of alternative interpretations so that the district court could address the ambiguity. *Id.* at 77-78. The court held that beneficiaries need only make "a colorable claim that the [plaintiffs] are, or may become, entitled to a benefit under the ERISA plans at issue" to have standing. *Id.* at 78.

Like the Third Circuit, we look to the text of the Plan to determine whether Mr. Hood had a colorable claim that he "is or may become entitled to a benefit thereunder."[1] 29 U.S.C. § 1002(8).  Here, we see no ambiguity in the terms of the Plan.  The Plan says that to be eligible as a beneficiary, a spouse must be "of the opposite sex" from the member and must be "legally married" to the member.  Appx. at 134.

DHHA never alleged that Ms. Intarakamhang and Mr. Hood were legally married. Instead, it argues, for the first time on appeal, that the phrase "legally married" is an ambiguous term that the Plan Administrator defined to include domestic partnership by asking Ms. Intarakamhang and Mr. Hood to complete a domestic partnership form and accepting the completed Form from them.  "[W]e do not permit new arguments on appeal when those arguments are directed to reversing the district court." *United States v. Holmes*, -- F.3d --, 2013 WL 4491924, at *6 (10th Cir. Aug. 23, 2013).  Even if we have discretion to consider this argument, we would not need the Form to interpret the Plan

---

[1] DHHA extensively referenced and relied upon the Plan (which was originally attached to Beverage's first motion to dismiss) in its second amended complaint. Although the district court generally may not look beyond the pleadings when deciding a motion to dismiss, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1217 (10th Cir. 2007) (quotations omitted).  Here, the Plan is central to DHHA's standing argument, and the parties do not dispute its authenticity.  The district court therefore properly considered it.

because the latter is unambiguous.[2] *See CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1877 (2011) (explaining that a court may "look outside the plan's written language in deciding what [its] terms . . . mean[]," but has no authority to "alter those terms" even based on statements in extrinsic documents relevant to the plan, because those documents "do not themselves constitute the terms of the plan for purposes of § 502(a)(1)(B)" and do not trump the actual language of the plan). The Plan requires spouses to be "legally married," a phrase that can only mean married in the eyes of the law. Allowing inclusion of domestic partners who are not legally married would be an impermissible alteration of the term.

After reviewing state court records, the district court determined that Mr. Hood was married to someone other than Ms. Intarakamhang from February 2001 to November 2010. Appx. at 320.[3] Under the laws of Colorado, Mr. Hood could not be legally married to Ms. Intarakamhang while married to another woman. Colo. Rev. Stat. § 14-2-110(1)(a). Colorado's prohibition on plural marriage includes common law marriages. Colo. Rev. Stat. § 14-2-109.4(1)(b). Mr. Hood therefore could not "become entitled to a

---

[2] Even if we were to consider the Form, Ms. Intarakamhang and Mr. Hood signed the Form, certifying that "[n]either of [them were] married to or legally separated from anyone else." Appx. at 1033. This undercuts DHHA's argument because, at that time, Mr. Hood was still married to another person and therefore was not even part of a domestic partnership with Ms. Intarakamhang as defined by the Form.

[3] Although Mr. Hood's marriage records were not before the district court, a court may take judicial notice of state court documents. *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

benefit" under the Plan, and has no beneficiary standing under ERISA. 29 U.S.C. § 1002(8).

## III. **CONCLUSION**

For the foregoing reasons, we affirm the district court's order granting Beverage's motion for judgment on the pleadings based on DHHA's lack of standing to sue under ERISA § 502(a)(1)(B).

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge