FILED
United States Court of Appeals
Tenth Circuit

September 29, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOHN NASIOUS,

      Plaintiff - Appellant,

v.

J. GRAYSON ROBINSON, Arapahoe
County Detention Facility; EDDIE
CLIMER, Aramark Correctional
Services,

      Defendants - Appellees.

No. 10-1182

(D. Colorado)

(D.C. No. 08-CV-00262-CMA-KMT)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Appellant John Nasious, at the times relevant to this case a prisoner at the Arapahoe County Detention Facility ("ACDF"), proceeding *pro se*, seeks to appeal the dismissals of two 42 U.S.C. § 1983 cases he brought against two officials at the ACDF. Because Mr. Nasious failed to make objections to the magistrate judge's report and recommendation, we invoke our court's firm waiver rule (explained more fully below) and dismiss this matter for lack of jurisdiction with respect to one of the defendants. With respect to the other defendant, we affirm the district court's dismissal of Mr. Nasious's claims.

## BACKGROUND

Mr. Nasious was incarcerated in ACDF on two separate occasions—from November 30, 2005, to March 13, 2006, and from June 17, 2006, to September 28, 2006. As of the date of the district court's dismissal of his action, he was incarcerated at the Sterling Correctional Facility. Mr. Nasious subscribes to the Jewish faith, according to which he must maintain a Kosher diet. He brought this § 1983 action against two ACDF officials, Sheriff J. Grayson Robinson and Eddie Climer, the director in charge of food services at Aramark Correctional Services.[1] In his amended complaint, Mr. Nasious claimed that they

[1]While Mr. Nasious originally named three defendants, Mr. Robinson, Mr. Climer and Joseph Neubauer, the CEO of Aramark Corp., the claims against Mr. Neubauer were dismissed as frivolous on April 16, 2008, shortly after Mr. Nasious had filed his amended complaint. Mr. Neubauer is not involved in

(continued...)

had violated his First and Eighth Amendment rights, as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), because they failed to provide him with a Kosher diet and they served him meals that were not adequately nutritious. He sought declaratory and injunctive relief, as well as compensatory and punitive damages.

Mr. Robinson filed a motion for summary judgment which, on February 17, 2010, the magistrate judge recommended should be granted. Neither Mr. Nasious nor Mr. Robinson filed objections to that recommendation. Mr. Climer filed a motion for judgment on the pleadings.[2] On March 29, 2010, the district court issued an order adopting the February 17, 2010, recommendation regarding Mr. Robinson, granting Mr. Climer's motion for judgment on the pleadings, and dismissing the case with prejudice. Mr. Nasious filed a timely notice of appeal.

## DISCUSSION

Because Mr. Nasious did not file objections to the magistrate judge's February 17, 2010, recommendation regarding Mr. Robinson, this court issued an order directing him to show cause why he should not be precluded from appellate review of the claims and issues addressed in the recommendation, on the basis of

---

[1](...continued)
this appeal.

[2]Mr. Climer had previously filed a motion to dismiss, which was subsumed within the subsequent motions.

our firm waiver rule. Mr. Nasious filed a response, in which he claimed his mail had been lost or tampered with and that he, as a *pro se* inmate, did not understand what he needed to do. The decision on whether to apply the firm waiver rule in this case was referred to us, as the merits panel.

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005). There are two exceptions where the firm waiver rule does not apply: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008) (further quotation omitted). In determining whether the interests of justice compel us to invoke that exception to the firm waiver rule, "we have considered factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." Id. at 1238 (quotation omitted).

It is clear that the first exception is inapplicable to Mr. Nasious, because the recommendation itself explicitly informed Mr. Nasious that he had fourteen days to file written objections and that "[f]ailure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal

-4-

from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge." Rep. & Recommendation at 20.

The second exception requires, as discussed above, a demonstration that the "interests of justice" mandate overlooking the would-be appellant's failure to file objections to the magistrate judge's report. "Although 'interests of justice' is 'a rather elusive concept,' we have considered factors such as 'a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised.'" Duffield, 545 F.3d at 1238 (quoting Morales-Fernandez, 418 F.3d at 1120). "When we consider whether the importance of the issues raised might trigger the 'interests of justice' exception, we have said that, '[i]n many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to review for plain error.'" Id. Plain error review, in turn, requires a showing of "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputations of judicial proceedings." Id. (quoting United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005)).

Whether we view Mr. Nasious's case against Mr. Robinson through the lens of a plain error analysis, or simply through the lens of the "elusive concept" of "interests of justice," we conclude that Mr. Nasious fails to demonstrate that the second exception should apply and excuse his failure to file objections. While he

claims he did not really know what he had to do, there is no dispute that the recommendation itself explicitly told Mr. Nasious what he needed to do, and the consequences for failure to do so. He makes a vague and conclusory allegation that the mail room staff somehow lost or tampered with his mail, but those allegations are completely unsupported by any factual evidence or proof.[3] Given the volume of the other pleadings which traveled successfully between Mr. Nasious and the courts, there appears to be no serious or consistent problem with the mail services within the prison.

We also note that the district court specifically concluded that the magistrate judge's "thorough and comprehensive analysis and recommendations are sound and that there is no clear error on the face of the record." Rep. & Recommendation at 7. Were we to accept jurisdiction in this case and review the district court's order, we would also conclude that the magistrate judge's recommendation to grant summary judgment to Mr. Robinson, adopted by the district court, was not plainly or clearly erroneous.

Assuming that, unlike Mr. Robinson, we do have jurisdiction over Mr. Nasious's claims against Mr. Climer, Mr. Nasious makes no specific argument concerning the district court's grant of judgment on the pleadings in favor of Mr. Climer. All of his arguments, to the extent they are focused on the

---

[3]The allegation that prison mail staff lose or misplace or otherwise interfere with an inmate's mail is a very familiar argument.

propriety of the district court's order, are directed at his claim that his complaint was not time-barred, and the interests of justice exception should permit review of the merits of his case against Mr. Robinson. In any event, we agree fully with the district court's disposition of this claim, and we accordingly affirm that disposition, for substantially the reasons stated in the district court's order.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order of dismissal regarding Mr. Climer. As to Mr. Robinson, applying our firm waiver rule, we conclude that we lack jurisdiction to consider the appeal from the district court's order disposing of claims against Mr. Robinson and we accordingly DISMISS that part of this appeal.

We DENY Mr. Nasious's request to proceed on appeal without prepayment of fees. Mr. Nasious is ordered to immediately pay the unpaid balance of this filing fee.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge