FILED
United States Court of Appeals
Tenth Circuit

October 17, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER JAMES CASTILLO,

Plaintiff - Appellant,

v.

LAS CRUCES POLICE DEPARTMENT;
CODY AUSTIN,

Defendants - Appellees.

No. 16-2235
(D.C. No. 1:14-CV-00407-MV-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

This is a pro se civil rights appeal. Plaintiff Christopher James Castillo is an

inmate at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico.

In October 2013, Plaintiff pled guilty to aggravated battery with a deadly weapon after

attacking his mother with a baseball bat. In March 2014, Plaintiff filed an action under

the New Mexico Tort Claims Act in New Mexico state court, asserting that his conviction

for aggravated battery should be reversed, as well as claims for unreasonable search and

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

seizure, false arrest, and sexual abuse during a search incident to arrest. Defendants removed the action to the U.S. District Court for the District of New Mexico. The court construed Plaintiff's allegations under the New Mexico Tort Claims Act as civil rights claims under 42 U.S.C. § 1983.

In 2015, all of Plaintiff's claims were dismissed for failure to state a claim, with the exception of the sexual assault claim against the arresting officer. At that time, Plaintiff filed a premature notice of appeal that appeared to seek review of that order. We issued an order to show cause as to why the appeal should not be dismissed for lack of jurisdiction. Plaintiff submitted two letters but failed to address jurisdiction. We ultimately dismissed the appeal for lack of prosecution. We advised Plaintiff that he could file an appeal, if necessary, when the district court entered a final judgment deciding all claims against all parties, in compliance with all applicable procedural rules.

Following dismissal of Plaintiff's appeal, Defendants were ordered by the district court to file a report under *Martinez v. Aaron*, 570 F.2d 317, 318–19 (10th Cir. 1978). Defendants filed the *Martinez* Report along with Motion for Summary Judgment based on qualified immunity on December 18, 2015. Plaintiff filed his Response to the Motion for Summary Judgment and Objections to the *Martinez* Report on February 29, 2016. The parties filed several replies, supplements, and additional motions related to the Motion for Summary Judgment and the *Martinez* Report. The magistrate judge also directed Plaintiff to file a factual statement detailing the alleged physically and sexually abusive conduct of the arresting officer. Plaintiff did not timely file the factual statement, but did send the Court a letter inquiring as to the status of the case. In September 2016,

the magistrate judge issued a Report and Recommendation (R&R), recommending that the district court grant summary judgment in favor of Defendants. Plaintiff did not file an objection to the R&R. The district court adopted the R&R, granted summary judgment in Defendants' favor, and dismissed the action with prejudice. Plaintiff timely appealed.[1]

First, we must address the firm waiver rule. "This circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (internal quotation marks and brackets omitted). Under this rule, "the failure to make timely objection waives appellate review of both factual and legal questions." *Id*. (internal quotation marks and ellipsis omitted). There are two exceptions to the firm waiver rule: "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).

Plaintiff did not file an objection to the magistrate R&R, and the first exception to the firm waiver rule does not apply: the magistrate judge's R&R advised Plaintiff he "must file any objections with the Clerk of the District Court within the fourteen-day period. . . . If no objections are filed, no appellate review will be allowed." (App. Vol. II at 274.)

We find, however, that Plaintiff has shown that the interests of justice require review. "Among the factors this court has considered in determining whether to invoke

---

[1] In the present appeal, Plaintiff has not challenged the June 2015 order. Thus, this appeal is limited to the claim regarding the alleged sexual abuse during a search incident to arrest.

the interests-of-justice exception are [1] a pro se litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Casanova*, 595 F.3d at 1123 (internal quotation marks and brackets omitted). On October 17, 2016, we issued an order to show cause why Plaintiff's right to appeal has not been waived by his failure to timely file objections to the R&R. Plaintiff filed a response, asserting that he wrote objections, but that the prison staff tampered with and refused to mail the objections.

There is some reason to doubt Plaintiff's claim of mail tampering. Certainly, nothing has prevented Plaintiff from filing numerous documents in the district court and on appeal. And we have in the past rejected the same argument Plaintiff makes here. *See, e.g.*, *Nasious v. Robinson*, 396 F. App'x 526, 529 (10th Cir. 2010) ("[Plaintiff] makes a vague and conclusory allegation that the mail room staff somehow lost or tampered with his mail, but those allegations are completely unsupported by any factual evidence or proof. Given the volume of the other pleadings which traveled successfully between [Plaintiff] and the courts, there appears to be no serious or consistent problem with the mail services within the prison.") Indeed, Plaintiff was able to file a letter with the district court about a month prior to the R&R, and several days after the district court adopted the R&R he filed a motion to extend the time to file a notice of appeal. Additionally, he has filed several documents on appeal. However, this is not the first time Plaintiff has alleged mail tampering. (*See, e.g.,* App. Vol. II at 267.) In addition, this case raises issues of fundamental and constitutional rights. Therefore, we will give Plaintiff the benefit of the doubt, and we will decide the appeal on the merits.

Turning to the merits, "[w]e review a grant of summary judgment de novo." *Hansen v. SkyWest Airlines*, 844 F.3d 914, 922 (10th Cir. 2016). "We will affirm the district court's disposition only if our independent review of the record, viewing the facts in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id*. We have reviewed the briefs and the record, and we have given Plaintiff's allegations due consideration. We see no error. The magistrate judge thoroughly evaluated the case, and district court properly granted summary judgment. Nor do we have much to add. Based on the sworn statements in Plaintiff's complaint, the court held that "[n]othing about the pat-down . . . was extreme or patently abusive" and, accordingly, that the search incident to arrest was reasonable. (App. Vol. II at 273.)

Insofar as Plaintiff raises new claims and factual arguments on appeal, we generally "do not permit new arguments on appeal when those arguments are directed to reversing the district court." *United States v. Holmes*, 727 F.3d 1230, 1237 (10th Cir. 2013). Finally, we pause to note for Plaintiff's benefit, as the magistrate judge did, that a civil rights action under § 1983 is not the proper vehicle for challenging a criminal conviction and, further, that an unlawful arrest, "without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980).

We **AFFIRM** the district court's order granting summary judgment. In light of the district court's order granting petitioner leave to proceed on appeal without prepayment of fees, the two pending motions are denied as **MOOT**; however, appellant

is reminded of his obligation to continue making partial payments until the fee is paid in full.

Entered for the Court


Monroe G. Mckay
Circuit Judge