**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

STEPHEN PLATO MCRAE,

　　Plaintiff - Appellant,

v.

FEDERAL BUREAU OF PRISONS;
IRON COUNTY CORRECTIONAL
FACILITY; PURGATORY
CORRECTIONAL FACILITY; FNU
CHENEY, Sgt.; FNU SHAFER; FNU
FIELDING,

　　Defendants - Appellees.

No. 22-4023
(D.C. No. 2:17-CV-00066-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.[**]

_____

　　Stephen McRae appeals the dismissal of his civil-rights complaint for failure

to prosecute.  For substantially the same reasons given by the district court, we

affirm.

_____

　　[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

　　[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

McRae, a federal prisoner representing himself pro se, filed this lawsuit to challenge the conditions of his confinement under 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court ordered McRae to file an amended complaint curing various deficiencies. After his deadline for complying with that order had expired, McRae filed an amended complaint that did not address all of the deficiencies identified by the district court. The district court accordingly ordered McRae to file a second amended complaint within thirty days to address these deficiencies. McRae did not comply with this deadline either, and the court issued an order to show cause why the complaint should not therefore be dismissed. McRae filed various other motions and documents over the next several months, but he did not file his second amended complaint until almost one year after the thirty-day deadline had expired. Nevertheless, the court did not dismiss the action, but simply screened the untimely second amended complaint for deficiencies under 28 U.S.C. § 1915A.

In an order dated November 13, 2019, the district court concluded the second amended complaint still contained some deficiencies, which the court ordered McRae to cure by filing a third amended complaint. This order did not immediately reach McRae, however, because he had been moved to a different correctional facility and his change-of-address form was not correctly recorded on the district court's docket. The district court dismissed the action with prejudice in January 2020 based on McRae's failure to file a third amended complaint. In March 2020, McRae finally received a copy of both the November 2019 order to cure deficiencies and the

January 2020 dismissal order.  He then filed a post-judgment motion for relief based on the evidence that he had not received the November 2019 order due to the court's failure to properly record his change-of-address form on the docket.  The district court denied the motion, and McRae appealed.  This court reversed and remanded with directions for the district court to reconsider McRae's argument and evidence regarding the change-of-address issue.  *McRae v. Fed. Bureau of Prisons*, No. 21-4033, 2021 WL 4486396 (10th Cir. Oct. 1, 2021) (unpublished).

On remand, in an order dated January 1, 2022, the district court vacated its dismissal order and ordered McRae to file a third amended complaint, as originally instructed in the November 2019 order, within thirty days.  In March 2022, having received nothing from McRae, the district court dismissed the action under Fed. R. Civ. P. 41(b) based on the failure to prosecute.  McRae then filed this appeal.

In his appellate brief, McRae argues the district court erred in dismissing this action for two reasons: (1) the district court should have excused his failure to file a third amended complaint on remand because the Bureau of Prisons lost or destroyed a motion for an extension of time that he placed in the mail in late January 2022; and (2) it was unreasonable for the district court to order him to file a third amended complaint in the first place.  McRae did not raise either of these arguments before the district court, and we therefore do not consider them on appeal.[1]  *See Braxton v.*

---

[1] McRae does not explain why he failed to raise these arguments in the district court.  Even assuming he was unaware of the basis for his lost-mail argument until the district court dismissed the action in March 2022, he does not explain why he could not have raised this argument in a post-judgment motion for relief, as he had

*Zavaras*, 614 F.3d 1156, 1163 (10th Cir. 2010) (declining to consider arguments that pro se plaintiffs had not raised in the district court); *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (same); *Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

"This Court reviews for an abuse of discretion a district court's decision to dismiss an action for failure to prosecute." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007).  Having reviewed McRae's appellate filings, the district court's thorough and well-stated dismissal order, and the entire record in this case, we conclude the district court did not abuse its discretion by dismissing this action for failure to prosecute.  The district court engaged in an extensive analysis of the governing multi-factor test from *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), and reasonably concluded dismissal was an appropriate sanction under the facts of this particular case.

---

previously done with the change-of-address issue.  Moreover, even if we were to excuse his failure to raise this argument below, we note that he has presented no evidence to support it.  *Cf. Nasious v. Robinson*, 396 F. App'x 526, 529 (10th Cir. 2010) (unpublished disposition cited solely for its persuasive value) (rejecting a pro se prisoner's "vague and conclusory allegation that the mail room staff somehow lost or tampered with his mail" based on the lack of supporting evidence and the fact that numerous other pleadings had "traveled successfully between [the prisoner] and the courts," indicating there was "no serious or consistent problem with the mail services within the prison").

We therefore **affirm** the district court's order dismissing this action.  We **deny**

McRae's Motion Seeking Emergency Court Order for Monetary Sanctions Against

BOP.  His motion to proceed *in forma pauperis* on appeal is **granted**.

Entered for the Court

Michael R. Murphy
Circuit Judge